IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                           )      Chapter 11
                                 )
GARDEN RIDGE CORPORATION         )
et al.,                          )      Case No. 04-10324 (KJC)
                                 )
            Debtors.             )      Jointly Administered
                                 )

## MEMORANDUM OF OPINION AND ORDER[1]

Before the Court is the Fourth Omnibus Non-Substantive Objection to Claims brought by the Post Effective Date Committee (the "Committee"). The Committee objects to the claim of Lancaster Colony Corporation ("Lancaster") because it was filed after the bar date. For the reasons set forth below, the Court will overrule the objection.

I.    BACKGROUND

On February 2, 2004, Garden Ridge Corporation and several of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Prior to the petition date, the Debtors operated home decor retail stores and distribution centers. Lancaster supplied goods to the Debtors. On March 1, 2004, the Court fixed April 19, 2004 as the general bar date to file general claims. Thereafter, the

---

[1] This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014.

Debtors scheduled an unsecured non-priority liquidated debt owed
to Lancaster in the amount of $100,999.56.   The debt also was
reflected on the proof of claim sent to Lancaster, on which
$100,999.56 was listed.[2]

Lancaster, however, did not agree with the scheduled amount.
On April 22, 2004, Lancaster filed an unsecured non-priority
proof of claim[3] for $186,236.87, which was received by the claims
agent on April 26, 2004.

On April 28, 2005, the Court entered an order confirming the
Debtors plan of reorganization (the "Plan") which went effective
on May 12, 2005.   Under the Plan, the Committee has authority to
object, prosecute, and settle objections to, among others,
general unsecured claims.[4]

The Committee filed its Fourth Omnibus Non-Substantive
Objection (the "Objection") on October 20, 2005, and seeks to
disallow in full and expunge the claim of Lancaster as late
filed.   See 11 U.S.C. § 502(b)(9).   Lancaster filed a response to
the Objection on November 1, 2005.

The Court held a hearing on the Objection on November 16,
2005, at which the parties presented argument.   This matter is

---

[2]   The proof of claim included language that informed
Lancaster that it did not need to file the claim if it agreed
with the priority and amount scheduled by the Debtors.

[3]   Claim No. 1250.

[4]   See Plan Section VIII. B(2)(b).

2

now ripe for decision.

II.   JURISDICTION

    This Court has jurisdiction over this matter as a core
proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), (B)
and (O).

III.   DISCUSSION

    A.   Excusable Neglect Standard

    Under the Federal Rules of Bankruptcy Procedure the Court
may extend the period in which a proof of claim may be filed if
the late filing resulted from excusable neglect.[5]  A finding of
excusable neglect is based on equity and depends on the
particular circumstances and facts of the case.  Pioneer Inv.
Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395
(1993).  Accordingly, excusable neglect is not "limited to
situations where the failure to timely file is due to
circumstances beyond the control of the filer."  Id. at 391.

    The Court determines excusable neglect after considering
four factors: "the danger of prejudice to the debtor, the length
of the delay and its potential impact on judicial proceedings,
the reason for the delay, including whether it was within the
reasonable control of the movant, and whether the movant acted in
good faith."  Id.  "All factors must be considered and balanced;
no one factor trumps the others."  Hefta v. Official Comm. of

───────────────

    [5]  See Rules 3003(c)(3) and 9006(b)(1).

3

Unsecured Creditors (In re American Classic Voyages Co.), 405
F.3d 127, 133 (3d Cir. 2005); (citing George Harms Constr. Co. v.
Chao, 371 F.3d 156, 164 (3d Cir. 2004)).

    B.   Analysis

The issue before the Court is whether Lancaster's late filed
proof of claim should be allowed. Lancaster admits that it made
a mistake in missing the filing deadline, but urges the Court to
weigh the factors under Pioneer and not to artificially enforce
the deadline. The Committee asserts that a late filed claim may
be allowed only if the claimant establishes excusable neglect.
The Committee contends that Lancaster can provide no excuse for
its delay.

    1.   Prejudice

The Committee asserts prejudice exists because the allowance
of the Lancaster claim would reduce the value of claims held by
other creditors. The Plan provides that "[e]ach holder of an
Allowed General Unsecured Claim shall receive a pro rata
distribution of the Preferred Shares . . . ." See Plan Section
IV. E. 1. Thus, the Plan allows creditors to receive preferred
stock in the Reorganized Debtors; the greater the overall claim
amount, the less each individual creditor will receive. The
Committee contends that it would be unfair to allow a claimant,
who failed to be vigilant, a share with everyone else.

Lancaster argues that the Debtors will suffer no prejudice

4

by the allowance of a claim that was filed one week after the bar

date.   Lancaster notes that the Debtors were on notice of the

claim early in the case.   For example, the debt was scheduled by

the Debtors and the proof of claim was filed several months

before the governmental bar date and a year before the Plan was

confirmed.   Lancaster argues that the Committee's view of

prejudice under <u>Pioneer</u> is mistaken.   For Lancaster, real

prejudice to the Debtors must exist, not simply an effect on the

size of the pot available for distribution to creditors under the

plan.

     The Committee takes a narrow view of prejudice.   The Court,

however, must consider several factors in determining prejudice.

These include "whether the debtor was surprised or caught unaware

by the assertion of a claim that it had not anticipated; whether

the payment of the claim would force the return of amounts

already paid out under the confirmed Plan or affect the

distribution to creditors; whether payment of the claim would

jeopardize the success of the debtor's reorganization; whether

allowance of the claim would adversely impact the debtor actually

or legally; and whether allowance of the claim would open the

floodgates to other future claims." <u>Pro-Tec Serv., LLC v. Inacom</u>

<u>Corp. (In re Inacom Corp.)</u>, No. 00-2426, 2004 WL 2283599 *4 (D.

Del. October 4, 2004) (<u>citing</u> <u>Manus Corp. v. NRG Energy, Inc. (In</u>

<u>re O'Brien Envtl. Energy, Inc.)</u>, 188 F.3d 116, 126-28 (3d Cir.

1999)).

After balancing the above factors, the Court concludes that the prejudice factor weighs in favor of Lancaster.   The Debtors cannot be surprised by the claim: it was scheduled, albeit at a lower amount, and filed one week after the bar date.   Potential payment of the claim, as a general unsecured claim, will be in the form of preferred stock in the Reorganized Debtors and will not require the disgorgement of any amounts already paid out. Although, as the Committee points out, this may affect the amount of preferred stock ultimately received by other creditors, this fact alone, when balanced against the other factors, is insufficient grounds for a finding of prejudice.

The Committee is in the process of reconciling claims against the estate; nothing suggests that the Debtors reorganization would be jeopardized or that the Debtors would be impacted by the allowance of the claim.   Finally, the number of post-bar date claims appears to be small, and therefore, floodgate risk is minimal.[6]   The Court finds this case unlike situations where the allowance of the claim might render the bar date meaningless.   See, e.g., American Classic, 405 at 133 (finding prejudice where "other prospective claimants have filed late claims for a total value of almost $5 million, and numerous

---

[6]   The Committee's Fourth Omnibus Non-Substantive Objection to late filed claims included eight claims for a total of $232,983.92, which includes Lancaster's claim for $186,236.87.

inquiries from prospective claimants" continued to be received).

Therefore, after considering the above factors, the Court concludes the prejudice factor weighs in favor Lancaster.

      2.   <u>Length of Delay and Potential Impact on Judicial Proceedings</u>

Lancaster corrected its mistake by filing a proof of claim on April 26, 2004, which was seven days after the bar date. Although the Objection now being considered was brought well after the bar date and Plan confirmation, the Court should consider the length of delay in absolute terms. <u>See</u> <u>O'Brien</u>, 188 3d. at 130. To treat otherwise would reward a debtor or committee for delaying the plan confirmation process or the brining of an objection to claims. <u>Id.</u> Moreover, the Court finds minimal impact on judicial proceedings in real terms: the Committee is in the midst of bringing their claims objections (e.g., late filed, amended, and duplicate) and a distribution is not expected for some time.

Therefore, the Court concludes that the length of delay and impact on judicial proceedings favors Lancaster.

      3.   <u>Reason for Delay</u>

The Committee asserts that lack of excuse should be dispositive because Lancaster did not provide any reason for its delay or make any showing that the delay was or was not within its reasonable control. Lancaster admits that it was careless in the way it handled the bar date notice. Indeed, Lancaster

accepts the entire blame for the late filing.  As stated by
Lancaster at the hearing: "We are not arguing that the debtors
did anything wrong that caused us to file a proof of claim.  It
was simply carelessness on our part."[7]  Accordingly, the Court
weighs this factor against Lancaster and in the Committee's
favor.

### 4.   Good Faith

The record is void of anything that suggests Lancaster did
not act in good faith.  Lancaster admits it made a mistake, but
it acted quickly to correct it.  Therefore, this factor weighs
for Lancaster.

## IV.   CONCLUSION

After weighing the above factors, the Court concludes that
excusable neglect is present in this case.  Prejudice, length of
delay, and good faith all support Lancaster's request for
allowance.  Although Lancaster was careless in its obligation to
file its claim by the deadline, that fact standing alone does not
support the denial of its claim.  "[T]he concept of excusable
neglect clearly anticipates [carelessness by the claimant], i.e.,
neglect on the part of the one seeking to be excused."  O'Brien,
188 at 128.

Accordingly, the subjection objection is overruled.  Each
party is to bear its respective costs.

---

[7]   See Doc. # 1992, 11/16/05 Tr. p. 21, ¶ 20-22.

8

IT IS SO ORDERED.

Dated this 25th day of
August, 2006

JUDGE RANDOLPH BAXTER
UNITED STATES BANKRUPTCY COURT

9